UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                               Case No. 8:13-cv-1178-T-30EAJ

$3,142,287.75,

## DEFAULT JUDGMENT OF FORFEITURE

THIS CAUSE comes before the Court upon the United States' Motion for entry of a Default Judgment of Forfeiture for $3,142,287.75 (Defendant Funds), pursuant to Federal Rule of Civil Procedure 55(b)(2), and Local Rule 7.03(i)(1).

Being fully advised of the relevant facts, the Court hereby finds that:

1. On February 8, 2013, the United States Secret Service (USSS) seized $3,142,287.75 (Defendant Funds) from Bank of America, pursuant to a seizure warrant issued by United States Magistrate Judge Elizabeth A. Jenkins, who found probable cause to believe that the Defendant Funds were (1) the proceeds and facilitating property of a drug conspiracy involving violations of 21 U.S.C. §§ 841 and 846; and (2) involved in the unlicensed operation of a money transmitting business, in violation of 18 U.S.C. § 1960.

2. On May 1, 2013, the United States filed a Verified Complaint for Forfeiture *in Rem*, pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6), seeking forfeiture of the Defendant Funds.   Doc. 1.

1

3. On May 4, 2013, the United States commenced publication of the above-referenced civil forfeiture action on its official website, www.forfeiture.gov, for a period of 30 consecutive days, through and including June 2, 2013, as required by Supplemental Rule G(4)(a)(i) & (iv)(C).

4. On June 5, 2013, the United States sent notice packages regarding this forfeiture action, via certified United States mail and first class mail, to known potential claimants Ann Winter, Ron Winter, Rory Winter, Esther Winter, and Sergio Nieto, in accordance with the requirements of Supplemental Rule G(4)(b).

5. The certified mail and first class mail packages sent to the Winters were not returned, and there was no indication that the mail was not received. Moreover, law enforcement was in contact with the Winters and was aware that the Winters had actual knowledge of the forfeiture action. In fact, Ron and Esther Ann Winter voluntarily signed Release and Hold Harmless Agreements authorizing release of the Defendant Funds to the USSS. None of the Winters filed a claim to the Defendant Funds.

6. The certified green card associated with the certified mail package sent to Sergio Nieto was signed and dated June 8, 2013. Moreover, Kenneth Baxter of Krause and Baxter contacted the United States Attorney's Office via email, stating that he represented Mr. Nieto, and that the money was "not [his] money and [he had] no claim to it." Mr. Nieto, failed to file a claim to the Defendant Funds.

2

7. Pursuant to Article 1 of the Treaty on Cooperation between the United Mexican States and the United States of America for Mutual Legal Assistance (the Treaty), the United States requested assistance from the Mexican government in providing notice of the present forfeiture action to Mexican citizens and entities Karen Lite Sapi, S.A. de C.V., Transportes y Gruas Make, S.A. de C.V., Corporativo Welld and Power, S.A. de C.V.; Perez Chong, S.A. de C.V.; Victor Manuel Napoleon Guarro Albo; and Lazaro Zagorin Dabbah. Specifically, the United States asked that the Mexican government deliver notice packages, created in both English and Spanish, to each of the Mexican persons and entities listed above.

8. On September 3, 2013, Mexican authorities personally delivered notice packages to Karen Lite Sapi, S.A. de C.V; Transportes y Gruas Make, S.A. de C.V.; Corporativo Welld and Power, S.A. de C.V; and Perez Chong, S.A. de C.V. The Mexican authorities also provided an affidavit (1) attesting to the September 3, 2013 delivery of a notice package to each of the companies, (2) providing the name and position of the person who accepted the package on behalf of each company, and (3) certifying that the notice was done via a method that conformed to Mexican law. None of these companies filed a claim to the Defendant Funds.

9. The United States also diligently attempted, through an international request, numerous data searches, review of Visa applications and banking

information, and email communications, to provide notice packages to Lazaro Zagorin Dabbah[1] and Victor Manuel Napoleon Guarro Albo. However, the United States was unable to confirm receipt of notice by either Albo or Dabbah.

10. Neither Dabbah nor Albo filed a claim to the Defendant Funds.

11. On October 11, 2013, in response to the United States' motion detailing the information above (Doc. 10), the Clerk entered defaults against all known potential claimants: Ron Winter, Rory Winter, Esther Winter, Ann Winter, Sergio Nieto, Karen Lite Sapi, S.A. de C.V., Transportes y Gruas Make, S.A. de C.V., Corporativo Welld and Power, S.A. de C.V., Perez Chong, S.A. de C.V., Victor Manuel Napoleon Guarro Albo; and Lazaro Zagorin Dabbah. (Docs. 12-21).

Because the United States published notice of the forfeiture in accordance with Supplemental Rule G, and provided actual notice, or made a "satisfactory showing that diligent effort was made to give notice without success" to all known potential claimants in accordance with Federal Rules of Civil Procedure 4 and G and Local Rule 7.03(h), it is hereby:

ORDERED, ADJUDGED and DECREED that the United States' motion is GRANTED.

---

[1] The United States attempted to notice Dabbah, not because of any potential interest in his personal capacity, but merely as the purported representative of Karen Sapi Lite, which company did---in fact---receive notice of the forfeiture action.

4

It is FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Rule 7.03(i)(1), judgment of default is hereby entered against Ron Winter, Rory Winter, Esther Winter, Ann Winter, Sergio Nieto, Karen Lite Sapi, S.A. de C.V., Transportes y Gruas Make, S.A. de C.V., Corporativo Welld and Power, S.A. de C.V., Perez Chong, S.A. de C.V., Victor Manuel Napoleon Guarro Albo; and Lazaro Zagorin Dabbah, for failure to file a claim within 35 days from the receipt of notice of the forfeiture, as required under Supplemental Rule G(5)(a)(ii)(A). Any further claims or statements of interest are time-barred.

It is FURTHER ORDERED that all right, title, and interest in the Defendant Funds are hereby forfeited to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C), Federal Rule of Civil Procedure 55(b)(2) and Local Rule 7.03(i)(1), and clear title to the Defendant Funds is vested in the United States of America for disposition according to law.

DONE and ORDERED in Tampa, Florida, this __11__ day of __Oct.__, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Natalie Hirt Adams

5